IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD JARVIS,                  )
                                 )
     Plaintiff,                  )
                                 )
     v.                          )     1:04CV00642
                                 )
NATHANIEL M. STEWART,            )
STEWART FINANCIAL GROUP, INC.,   )
DUO-FAST CAROLINAS, INC.         )
EMPLOYEE BENEFITS PLAN,          )
DUO-FAST CAROLINAS, INC.,        )
& AMERICAN UNITED LIFE           )
INSURANCE COMPANY,               )
                                 )
     Defendants.                 )

MEMORANDUM OPINION AND ORDER

OSTEEN, District Judge

This matter is before the court on Defendant American United Life Insurance Co.'s ("AUL") Motion to Dismiss with prejudice under Federal Rule of Civil Procedure 12(b)(6) and Defendants Duo-Fast Carolinas, Inc. Employee Benefits Plan's and Duo-Fast Carolinas, Inc.'s (collectively, "Duo-Fast") Joint Motion to Set Aside Entry of Default.  Plaintiff Richard Jarvis ("Plaintiff") sued Nathaniel M. Stewart ("Stewart"), Stewart Financial Group, Inc. ("Stewart Financial"), Duo-Fast, and AUL (collectively, "Defendants") alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., and North Carolina law.  Plaintiff filed suit with claims for

breach of contract (Claims 1 and 4), negligence (Claim 2), detrimental reliance (Claim 3), negligent misrepresentation (Claim 5), unfair and deceptive trade practices (Claim 6), a preliminary injunction under ERISA (Claim 7), and equitable relief under ERISA (Claim 8).  For the reasons stated below, the court will grant AUL's motion to dismiss Claims 1 through 6 and will grant Duo-Fast's Motion to Set Aside Entry of Default.

**I.   AUL'S MOTION TO DISMISS**

AUL states three grounds why this court should grant the motion:  (1) ERISA preempts the state law claims; (2) no claim is stated against AUL; and (3) the Plaintiff does not assert any valid federal common law claims.  AUL does not present any argument for the third ground until its reply.  The court considers that ground abandoned since it is not appropriate to present such new argument in a reply.  See L.R. 7.3(h) ("A reply brief is limited to discussion of matters newly raised in the response.").  The court decides the motion under the other two grounds.

    A.   Factual Background[1]

---

[1] The court states the facts for this motion in the light most favorable to Plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993) ("In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.").

This case involves the terms of a disability payment plan that Defendants maintained for Plaintiff's employer. Plaintiff was a beneficiary of that plan. Defendants advised Plaintiff in a letter from Stewart Financial, on March 9, 2000, that Plaintiff's long-term disability payment would be 66.6% of his predisability salary, limited to at most $7500 per month. Stewart, apparently an agent of Stewart Financial, also told Plaintiff up through mid-2002 that 66.6% was the disability amount. Plaintiff never actually obtained a written copy of the policy, and Defendants did not supply one.

Plaintiff eventually became unemployed, which entitled him to disability payments, and Plaintiff started receiving payments in April 2002. AUL, the disability carrier, told Plaintiff on July 11, 2002, his disability amount was 60% of his predisability salary, and the actual payments Plaintiff received used the 60% figure. Plaintiff filed suit under various theories that alleged Plaintiff should receive 66.6% of his predisability salary.

B. Analysis

1. ERISA Preemption

AUL first argues the court should dismiss with prejudice the state law claims (Claims 1 through 6) because of ERISA preemption. When deciding if federal law preempts state law, the court's "task is to ascertain Congress'[s] intent in enacting the federal statute at issue." Shaw v. Delta Air Lines, Inc., 463

3

U.S. 85, 95, 103 S. Ct. 2890, 2899 (1983). Congress's intent in ERISA was "to protect the interests of participants in employee benefit plans and their beneficiaries by, among other things, 'establishing standards of conduct, responsibility, and obligation for fiduciaries of employe[e] benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.'" Lippard v. Unumprovident Corp., 261 F. Supp. 2d 368, 373 (M.D.N.C. 2003) (quoting 29 U.S.C. § 1001(b)). To further these goals, Congress stated ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any [ERISA] . . . plan." 29 U.S.C. § 1144(a) (emphasis added).[2] "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw, 463 U.S. at 96-97, 103 S. Ct. at 2900. The Court notes ERISA "expansively" preempts state law, Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 46, 107 S. Ct. 1549, 1552 (1987), which includes state common law, Griggs v. E.I. DuPont de Nemours & Co., 237 F.3d 371, 378 (4th Cir. 2001) (citing 29 U.S.C. § 1144(c)(1)).

"[T]he simple fact that a defendant is an ERISA plan administrator does not automatically insulate it from state law liability for alleged wrongdoing against a plan participant or

---

[2] ERISA does have exceptions for certain state laws, see 29 U.S.C. § 1144(b), but no parties argue those exceptions apply.

4

beneficiary." Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 192 (4th Cir. 2002); see also Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. 825, 833, 108 S. Ct. 2182, 2187 (1988) (holding there is no preemption in a "lawsuit[] against ERISA plans for run-of-the-mill state-law . . . torts," even though it "obviously affect[s] and involv[es] ERISA plans and their trustees"). Thus, "[w]hat triggers ERISA preemption is not just any indirect effect on administrative procedures but rather an effect on the primary administrative functions of benefit plans, such as determining an employee's eligibility for a benefit and the amount of that benefit." Gresham v. Lumbermen's Mut. Cas. Co., 404 F.3d 253, 258 (4th Cir. 2005) (quoting Aetna Life Ins. Co. v. Borges, 869 F.2d 142, 146–47 (2d Cir. 1989)). Thus, "[w]hen a cause of action under state law is 'premised on' the existence of an [ERISA] . . . plan so that 'in order to prevail, a plaintiff must plead, and the court must find, that an ERISA plan exists,'" ERISA preemption will apply. Griggs, 237 F.3d at 378 (citation omitted) (quoting Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 140, 111 S. Ct. 478, 483 (1990)).

ERISA may preempt state laws in two ways. In "ordinary conflict preemption," the federal law prevents recovery on the state law claim by acting as a federal defense to the claim. Darcangelo, 292 F.3d at 187. Thus, the state law cause of action

5

exists, but ERISA preemption provides a defense to the cause of action.  In "complete preemption," the claim is such that Congress's intent was for this claim to be a federal cause of action only; thus, no state law cause of action ever exists.  Id.

Complete preemption is determined through analysis of the state law claims under ERISA's civil enforcement § 502, 29 U.S.C. § 1132(a)(1)(B).  Section 502 allows ERISA plan participants to "enforce [their] rights under the terms of the [ERISA] plan." Id. § 1132(a).  When a state law cause of action is an alternative means to enforce plan rights, ERISA's § 502 "convert[s it] into [a] federal claim[]."  Darcangelo, 292 F.3d at 187.  Thus, the court must treat the state law claim as a federal question claim in a complete-preemption case.

In many complete-preemption cases, courts allow a complaining party to amend his compliant to state an ERISA cause of action properly.  See, e.g., Ellis v. Liberty Life Assurance Co. of Boston, 394 F.3d 262, 269 (5th Cir. 2004) (upholding district court's granting leave to amend complaint when ERISA completely preempted plaintiff's state law claims).  In this case, Plaintiff seeks no leave to amend and, rather, agrees with Defendants the court should dismiss with prejudice the state law claims if ERISA completely preempts them.  The court considers Plaintiff's state law claims in turn.

6

ERISA completely preempts Claim 1.  Claim 1 alleges Defendants breached the agreement to pay disability benefits.  Determining a breach of the disability payment agreement cannot occur without finding an ERISA plan exists and examining the plan's terms.  See Darcangelo, 292 F.3d at 194-95 (holding, in a breach-of-contract claim, if "the contract in question is an ERISA plan, [then] this claim is clearly preempted").  Moreover, such a claim is an alternative to § 502's civil remedies.  Thus, ERISA completely preempts the claim, and the claims "convert[] into [a] federal claim[]."  Id. at 187.

Likewise, ERISA completely preempts Claim 4.  Claim 4 states Defendants breached their agreement with Plaintiff's employer to provide insurance services, and Plaintiff may sue for that breach as a third-party beneficiary.  Even though this is a third-party beneficiary suing for breach of contract, at the heart of this claim is a suit for breach of agreement to provide disability pay, a claim that seeks to enforce plan rights, as was Claim 1.  See Erwin v. Texas Health Choice, L.C., 187 F. Supp. 2d 661, 667 (N.D. Tex. 2002) (holding ERISA preempts third-party-beneficiary claims from employees that attempt to enforce the contract for an ERISA plan between the employer and ERISA plan provider).  Thus, ERISA completely preempts this state law claim.

ERISA completely preempts Claims 2 and 5 as well.  "ERISA preempts state common law claims of . . . negligent

7

misrepresentation when the false representations concern the . . . extent of benefits under an employee benefit plan." Griggs, 237 F.3d at 378. Claim 2 states Defendants breached a duty owed to Plaintiff by relaying incorrect information regarding disability payments in the March 9, 2000, letter. Claim 5 alleges Defendants negligently stated false information about the disability plan. Both Claims 2 and 5 allege Defendants negligently conveyed information on the disability plan's benefits, a claim that ERISA preempts. In both claims, moreover, Plaintiff seeks to enforce plan rights, an alternative to § 502, and thus, ERISA completely preempts these claims.

ERISA also completely preempts Claim 3. Claim 3 states Defendants are liable to Plaintiff because he detrimentally relied on Defendants' oral and written assurances of plan benefits. Thus, Defendants are estopped from denying the oral statements. ERISA preempts causes of action claiming estoppel because of oral assurances of coverage benefits. HealthSouth Rehabilitation Hosp. v. American Nat'l Red Cross, 101 F.3d 1005, 1010 (4th Cir. 1996). Also, since the claim seeks benefits due under the ERISA plan, ERISA completely preempts Claim 3.

ERISA completely preempts Claim 6. Claim 6 states Defendants' conduct in administering the ERISA plan was an unfair and deceptive trade practice and against North Carolina's public policy. ERISA completely preempts unfair and deceptive trade

8

practice claims when the allegations state the denial of benefits was an unfair and deceptive act. Lippard, 261 F. Supp. 2d at 377. This is precisely the allegation Plaintiff appears to make.

Because ERISA completely preempts Claims 1 through 6, the court must treat them as federal question claims. Those claims are not properly pleaded however, and Plaintiff, while not seeking leave to amend his complaint to state those federal claims properly, agrees with AUL that those claims should be dismissed. Thus, the court will grant AUL's motion to dismiss with prejudice as to Claims 1 through 6.

    2. AUL's Second Ground to Dismiss

AUL also claims Plaintiff states no claims against it, and the Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6). As AUL's first ground for dismissal will dismiss Claims 1 through 6, this analysis focuses on Plaintiff's remaining claims, which are formally pleaded under ERISA: Claims 7 and 8. "A motion to dismiss for failure to state a claim upon which relief may be granted made pursuant to Federal Rule of Civil Procedure 12(b)(6) should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief.'" Gottesman v. J.H. Batten, Inc., 286 F. Supp. 2d 604, 610 (M.D.N.C. 2003) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 94, 102 (1957)). This court assesses claims

9

Case 1:04-cv-00642-WLO   Document 20   Filed 11/17/05   Page 9 of 13

using the well-pled facts of plaintiff's complaint, in the light most favorable to the plaintiff. E.g., Mylan Labs., 7 F.3d at 1134.

AUL claims Plaintiff's complaint "does not allege . . . AUL has done anything wrong or violated provisions of ERISA or the [disability plans] in any way." (AUL's Br. Supp. Mot. Dismiss at 4.) AUL further argues Plaintiff's allegations show none of its agents made the misrepresentations. The allegations only show those statements actually came from Stewart and Stewart Financial. Thus, acts by Stewart and Stewart Financial cannot be imputed to AUL, and AUL is not liable for any of the causes of action because it committed none of the alleged acts.

Plaintiff does, however, state "Plaintiff was advised by the Defendants on March 9, 2000[,] . . . Plaintiff's long term disability would be" 66.6%. (Compl. ¶ 6.) Although Plaintiff never alleges explicitly Stewart and Stewart Financial are AUL's agents, the allegation is clearly implicit when Plaintiff alleges the letter with the 66.6% figure is imputed to all Defendants. Whether Plaintiff has facts to support the assertion is for other procedural mechanisms. AUL, furthermore, points to no rule or case law requiring specificity in pleading an agency relationship. Cf. Fed. R. Civ. P. 9 (stating special matters that must be pled with specificity). Because Plaintiff's complaint states all the alleged acts that violated ERISA are

10

imputed to all Defendants, the court will deny AUL's motion to dismiss on this ground.

**II.   DUO-FAST'S MOTION TO REMOVE ENTRY OF DEFAULT**

    A.   Factual Background

    Plaintiff filed this action on July 13, 2004.  Plaintiff served the complaint upon Duo-Fast and its president Roy B. Cook, Jr. ("Cook") twice:  on July 20, 2004, via certified mail and on October 1, 2004, by private process server.  After service, Cook contacted Stewart, who is also a defendant, to discuss the case. From that conversation, Cook mistakenly believed Stewart's counsel, Parker Poe Adams & Bernstein, L.L.P. ("Parker Poe"), was also his counsel.  Cook's later discussion on October 25, 2004, with Stewart revealed Parker Poe was not Duo-Fast's counsel. Duo-Fast then quickly retained counsel.  On October 26, 2004, Plaintiff filed a motion for entry of default against Duo-Fast, which this court entered on November 5, 2004.  On November 8, 2004, Duo-Fast moved to set aside the default with newly retained counsel.

    B.   Analysis

    Federal Rule of Civil Procedure 55(c) allows a court to set aside an entry of default "[f]or good cause shown."  "The disposition of motions made under Rule[] 55(c) . . . is a matter [that] lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court."

11

Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp., 383 F.2d 249, 251 (4th Cir. 1967). "Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." Id. "A meritorious defense requires a proffer of evidence [that] would permit a finding for the defaulting party or [that] would establish a valid counterclaim." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988).

Here, Duo-Fast acted within ten days of the entry of default. Plaintiff contends the time was unreasonable because the justification for the delay, Duo-Fast's confusion over who was their lawyer, is unreasonable. Plaintiff claims Duo-Fast are businesses whose officers are experienced and should know when someone is and is not their attorney. However, Duo-Fast eventually retained counsel when they unequivocally learned Parker Poe was not their attorney, and retained counsel moved expeditiously to remove the entry of default. Even if Duo-Fast's initial belief were unreasonable, when Duo-Fast unequivocally learned Parker Poe was not their attorney, they acted reasonably by acting quickly. Moreover, no one disputes Duo-Fast's proposed answer asserts meritorious defenses to Plaintiff's claims. Thus, Duo-Fast acted reasonably under the circumstances and asserts

12

meritorious defenses to Plaintiff's claims.  The court will set aside the entry of default.

**III. CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that American United Life Insurance Co.'s Motion to Dismiss with prejudice [4] is GRANTED in part and DENIED in part.  Counts 1 through 6 of the complaint are dismissed with prejudice.  The court DENIES the motion for Counts 7 and 8.

Furthermore, Duo-Fast Carolinas, Inc. Employee Benefits Plan's and Duo-Fast Carolinas, Inc.'s Joint Motion to Set Aside Entry of Default [12] is GRANTED and Duo-Fast's Proposed Answer and Counterclaim, attached as Exhibit 1 to their motion, shall be filed.

This the 17th day of November 2005.

                                            /s/ William L. Osteen
                                            United States District Judge